# Exhibit B

Complaint/State Proc. 20-19.3, July 24, 2020

Court: W.D. Wash.  Case No. _____

Pacific Legal Foundation
255 South King Street, Suite 800
Seattle, WA 98104 - 425.576.0484




**STATE OF WASHINGTON**
**OFFICE OF THE GOVERNOR**
P.O. Box 40002 • Olympia, Washington 98504-0002 • (360) 902-4111 • www.governor.wa.gov

**PROCLAMATION BY THE GOVERNOR**
**EXTENDING AND AMENDING**
**PROCLAMATIONS 20-05 AND 20-19, et seq.**

**20-19.3**

**Evictions and Related Housing Practices**

**WHEREAS**, on February 29, 2020, I issued Proclamation 20-05, proclaiming a State of Emergency for all counties throughout the state of Washington as a result of the coronavirus disease 2019 (COVID-19) outbreak in the United States and confirmed person-to-person spread of COVID-19 in Washington State; and

**WHEREAS,** as a result of the continued worldwide spread of COVID-19, its significant progression in Washington State, and the high risk it poses to our most vulnerable populations, I have subsequently issued amendatory Proclamations 20-06 through 20-53 and 20-55 through 20-63, exercising my emergency powers under RCW 43.06.220 by prohibiting certain activities and waiving and suspending specified laws and regulations; and

**WHEREAS,** the COVID-19 disease, caused by a virus that spreads easily from person to person which may result in serious illness or death and has been classified by the World Health Organization as a worldwide pandemic, continues to broadly spread throughout Washington State; and

**WHEREAS,** the COVID-19 pandemic is causing a sustained global economic slowdown, and an economic downturn throughout Washington State with unprecedented numbers of layoffs and reduced work hours for a significant percentage of our workforce due to substantial reductions in business activity impacting our commercial sectors that support our state's economic vitality, including severe impacts to the large number of small businesses that make Washington State's economy thrive; and

**WHEREAS,** many of our workforce expected to be impacted by these layoffs and substantially reduced work hours are anticipated to suffer economic hardship that will disproportionately affect low and moderate income workers resulting in lost wages and potentially the inability to pay for basic household expenses, including rent; and

**WHEREAS,** the inability to pay rent by these members of our workforce increases the likelihood of eviction from their homes, increasing the life, health and safety risks to a significant percentage of our people from the COVID-19 pandemic; and

**WHEREAS**, tenants, residents, and renters who are not materially affected by COVID-19 should and must continue to pay rent, to avoid unnecessary and avoidable economic hardship to landlords, property owners, and property managers who are economically impacted by the COVID-19 pandemic; and

**WHEREAS,** under RCW 59.12 (Unlawful Detainer), RCW 59.18 (Residential Landlord-Tenant Act), and RCW 59.20 (Manufactured/Mobile Home Landlord-Tenant Act) residents seeking to avoid default judgment in eviction hearings need to appear in court in order to avoid losing substantial rights to assert defenses or access legal and economic assistance; and

**WHEREAS,** on May 29, 2020, in response to the COVID-19 pandemic, the Washington Supreme Court issued Amended Order No. 25700-B-626, and ordered that courts should begin to hear non-emergency civil matters. While appropriate and essential to the operation of our state justice system, the reopening of courts could lead to a wave of new eviction filings, hearings, and trials that risk overwhelming courts and resulting in a surge in eviction orders and corresponding housing loss statewide; and

**WHEREAS,** the Washington State Legislature has established a housing assistance program in RCW 43.185 pursuant to its findings in RCW 43.185.010 "that it is in the public interest to establish a continuously renewable resource known as the housing trust fund and housing assistance program to assist low and very low-income citizens in meeting their basic housing needs;" and

**WHEREAS,** it is critical to protect tenants and residents of traditional dwellings from homelessness, as well as those who have lawfully occupied or resided in less traditional dwelling situations for 14 days or more, whether or not documented in a lease, including but not limited to roommates who share a home; long-term care facilities; transient housing in hotels and motels; "Airbnbs"; motor homes; RVs; and camping areas; and

**WHEREAS,** a temporary moratorium on evictions and related actions throughout Washington State at this time will help reduce economic hardship and related life, health, and safety risks to those members of our workforce impacted by layoffs and substantially reduced work hours or who are otherwise unable to pay rent as a result of the COVID-19 pandemic; and

**WHEREAS,** a temporary moratorium on evictions and related actions will reduce housing instability, enable residents to stay in their homes unless conducting essential activities, employment in essential business services, or otherwise engaged in permissible activities, and will promote public health and safety by reducing the progression of COVID-19 in Washington State; and

**WHEREAS,** when I issued Proclamation 20-19.2 on June 2, 2020, the Department of Health indicated there were approximately 22,157 cases of COVID-19 in Washington State with 1,129 deaths; and now, as of July 23, 2020, there are 50,009 cases and 1,482 deaths, demonstrating the ongoing, present threat of this lethal disease;  and

**WHEREAS,** I issued Proclamations 20-25, 20-25.1, 20-25.2,and 20 25.3 (Stay Home – Stay Healthy), and I subsequently issued Proclamation 20-25.4 ("Safe Start – Stay Healthy" County-By-County Phased Reopening), wherein I amended and transitioned the previous proclamations' "Stay Home – Stay Healthy"  requirements to "Safe Start – Stay Healthy" requirements, prohibiting all people in Washington State from leaving their homes except under certain circumstances and limitations based on a phased reopening of counties as established in Proclamation 20-25.4, et seq., and according to the phase each county was subsequently assigned by the Secretary of Health; and

**WHEREAS,** when I issued Proclamation 20-25.4 on May 31, 2020, I ordered that, beginning on June 1, 2020, counties would be allowed to apply to the Department of Health to move forward to the next phase of reopening more business and other activities; and by July 2, 2020, a total of five counties were approved to move to a modified version of Phase 1, 17 counties were in Phase 2, and 17 counties were in Phase 3; and

**WHEREAS**, on July 2, 2020, due to increased COVID-19 infection rates across the state, I ordered a freeze on all counties moving forward to a subsequent phase, and that freeze remains in place while I work with the Department of Health and other epidemiological experts to determine appropriate strategies to mitigate the recent increased spread of the virus, and those strategies may include dialing back business and other activities; and

**WHEREAS**, on July 23, 2020, in response to the statewide increased rates of infection, hospitalizations,  and deaths, I announced an expansion of the Department of Health's face covering requirements and several restrictions on activities where people tend to congregate; and

**WHEREAS,** the worldwide COVID-19 pandemic and its progression in Washington State continue to threaten the life and health of our people as well as the economy of Washington State, and remain a public disaster affecting life, health, property or the public peace; and

**WHEREAS**, the Washington State Department of Health (DOH) continues to maintain a Public Health Incident Management Team in coordination with the State Emergency Operations Center and other supporting state agencies to manage the public health aspects of the incident; and

**WHEREAS**, the Washington State Military Department Emergency Management Division, through the State Emergency Operations Center, continues coordinating resources across state government to support the Washington State Department of Health and local health officials in alleviating the impacts to people, property, and infrastructure, and continues coordinating with the Department of Health in assessing the impacts and long-term effects of the incident on Washington State and its people.

**NOW, THEREFORE,** I, Jay Inslee, Governor of the state of Washington, as a result of the above-noted situation, and under Chapters 38.08, 38.52 and 43.06 RCW, do hereby proclaim that a State of Emergency continues to exist in all counties of Washington State, that Proclamation 20-05 and all amendments thereto remain in effect, and that Proclamations 20-05 and 20-19, et seq., are amended to temporarily prohibit residential evictions and temporarily impose other related prohibitions statewide until 11:59 p.m. on October 15, 2020, as provided herein.

I again direct that the plans and procedures of the *Washington State Comprehensive Emergency Management Plan* be implemented throughout State government. State agencies and departments are directed to continue utilizing state resources and doing everything reasonably possible to support implementation of the *Washington State Comprehensive Emergency Management Plan* and to assist affected political subdivisions in an effort to respond to and recover from the COVID-19 pandemic.

I continue to order into active state service the organized militia of Washington State to include the National Guard and the State Guard, or such part thereof as may be necessary in the opinion of The Adjutant General to address the circumstances described above, to perform such duties as directed by competent authority of the Washington State Military Department in addressing the outbreak. Additionally, I continue to direct the Washington State Department of Health, the Washington State Military Department Emergency Management Division, and other agencies to identify and provide appropriate personnel for conducting necessary and ongoing incident related assessments.

**ACCORDINGLY,** based on the above noted situation and under the provisions of RCW 43.06.220(1)(h), and to help preserve and maintain life, health, property or the public peace, except where federal law requires otherwise, effective immediately and until 11:59 p.m. on October 15, 2020, I hereby prohibit the following activities related to residential dwellings and commercial rental properties in Washington State:

- Landlords, property owners, and property managers are prohibited from serving or enforcing, or threatening to serve or enforce, any notice requiring a resident to vacate any dwelling or parcel of land occupied as a dwelling, including but not limited to an eviction notice, notice to pay or vacate, notice of unlawful detainer, notice of termination of rental, or notice to comply or vacate. This prohibition applies to tenancies or other housing arrangements that have expired or that will expire during the effective period of this Proclamation. This prohibition applies unless the landlord, property owner, or property manager (a) attaches an affidavit attesting that the action is necessary to respond to a significant and immediate risk to the health, safety, or property of others created by the resident; or (b) provides at least 60 days' written notice of intent to (i) personally occupy the premises as a primary residence, or (ii) sell the property.

- Landlords, property owners, and property managers are prohibited from seeking or enforcing, or threatening to seek or enforce, judicial eviction orders involving any dwelling or parcel of land occupied as a dwelling, unless the landlord, property owner, or property manager (a) attaches an affidavit attesting that the action is necessary to respond

4

to a significant and immediate risk to the health, safety, or property of others created by the resident; or (b) shows that at least 60 days' written notice were provided of intent to (i) personally occupy the premises as a primary residence, or (ii) sell the property.

- Local law enforcement are prohibited from serving, threatening to serve, or otherwise acting on eviction orders affecting any dwelling or parcel of land occupied as a dwelling, unless the eviction order clearly states that it was issued based on a court's finding that (a) the individual(s) named in the eviction order is creating a significant and immediate risk to the health, safety, or property of others; or (b) at least 60 days' written notice were provided of intent to (i) personally occupy the premises as a primary residence, or (ii) sell the property. Local law enforcement may serve or otherwise act on eviction orders, including writs of restitution, that contain the findings required by this paragraph.

- Landlords, property owners, and property managers are prohibited from assessing, or threatening to assess, late fees for the non-payment or late payment of rent or other charges related to a dwelling or parcel of land occupied as a dwelling, and where such non-payment or late payment occurred on or after February 29, 2020, the date when a State of Emergency was proclaimed in all counties in Washington State.

- Landlords, property owners, and property managers are prohibited from assessing, or threatening to assess, rent or other charges related to a dwelling or parcel of land occupied as a dwelling for any period during which the resident's access to, or occupancy of, such dwelling was prevented as a result of the COVID-19 outbreak.

- Except as provided in this paragraph, landlords, property owners, and property managers are prohibited from treating any unpaid rent or other charges related to a dwelling or parcel of land occupied as a dwelling as an enforceable debt or obligation that is owing or collectable, where such non-payment was as a result of the COVID-19 outbreak and occurred on or after February 29, 2020, and during the State of Emergency proclaimed in all counties in Washington State. This includes attempts to collect, or threats to collect, through a collection agency, by filing an unlawful detainer or other judicial action, withholding any portion of a security deposit, billing or invoicing, reporting to credit bureaus, or by any other means. **This prohibition does not apply to a landlord, property owner, or property manager who demonstrates by a preponderance of the evidence to a court that the resident was offered, and refused or failed to comply with, a re-payment plan that was reasonable based on the individual financial, health, and other circumstances of that resident; failure to provide a reasonable re-payment plan shall be a defense to any lawsuit or other attempts to collect.**

- Landlords, property owners, and property managers are prohibited from increasing, or threatening to increase, the rate of rent for any dwelling or parcel of land occupied as a dwelling. Except as provided below, this prohibition also applies to commercial rental property if the commercial tenant has been materially impacted by the COVID-19, whether personally impacted and is unable to work or whether the business itself was deemed non-essential pursuant to Proclamation 20-25 or otherwise lost staff or customers

5

    due to the COVID-19 outbreak. This prohibition does not apply to commercial rental property if rent increases were included in an existing lease agreement that was executed prior to February 29, 2020 (pre-COVID-19 state of emergency).

- Landlords, property owners, and property managers are prohibited from retaliating against individuals for invoking their rights or protections under Proclamations 20-19 et seq., or any other state or federal law providing rights or protections for residential dwellings.  Nothing in this order prevents a landlord from seeking to engage in reasonable communications with tenants to explore re-payment plans in accordance with this order.

- The preceding prohibitions do not apply to operators of facilities licensed or certified by the Department of Social and Health Services to prevent them from taking action to transfer or discharge a resident for health or safety reasons in accordance with the laws and rules that apply to those facilities.

Terminology used in these prohibitions shall be understood by reference to Washington law, including but not limited to RCW 49.60, RCW 59.12, RCW 59.18, and RCW 59.20. For purposes of this Proclamation, a "significant and immediate risk to the health, safety, or property of others created by the resident" (a) is one that is described with particularity, and cannot be established on the basis of the resident's own health condition or disability; (b) excludes the situation in which a resident who may have been exposed to, or contracted, the COVID-19, or is following Department of Health guidelines regarding isolation or quarantine; and (c) excludes circumstances that are not urgent in nature, such as conditions that were known or knowable to the landlord, property owner, or property manager pre-COVID-19 but regarding which that entity took no action.

**FURTHERMORE**, it is the intent of this order to prevent a potential new devastating impact of the COVID-19 outbreak – that is, a wave of statewide homelessness that will impact every community in our state.  To that end, this order further acknowledges, applauds, and reflects gratitude to the immeasurable contribution to the health and well-being of our communities and families made by the landlords, property owners, and property managers subject to this order.

**ADDITIONALLY**, I want to thank the vast majority of tenants who have continued to pay what they can, as soon as they can, to help support the people and the system that are supporting them through this crisis. The intent of Proclamation 20-19, et seq., is to provide relief to those individuals who have been impacted by the COVID-19 crisis. Landlords and tenants are expected to communicate in good faith with one another, and to work together, on the timing and terms of payment and repayment solutions that all parties will need in order to overcome the severe challenges that COVID-19 has imposed for landlords and tenants alike. I strongly encourage landlords and tenants to avail themselves of the services offered at existing dispute resolution centers to come to agreement on payment and repayment solutions.

**ADDITIONALLY**, to inform any future changes to this order in the short-term and the long-term, if an additional extension is necessary, I direct my executive senior policy advisors who have expertise in housing issues to convene an informal workgroup with stakeholders and legislators no later than September 15, 2020. The workgroup will discuss a broad range of issues, including, but not limited to, potentially authorizing rent rate increases.

**MOREOVER,** as Washington State begins to emerge from the current public health and economic crises, I recognize that courts, tenants, landlords, property owners, and property managers may desire additional direction concerning the specific parameters for reasonable repayment plans related to outstanding rent or fees. This is best addressed by legislation, and I invite the state Legislature to produce legislation as early as possible during their next session to address this issue. I stand ready to partner with our legislators as necessary and appropriate to ensure that the needed framework is passed into law.

Violators of this order may be subject to criminal penalties pursuant to RCW 43.06.220(5).

Signed and sealed with the official seal of the state of Washington on this 24th day of July, A.D., Two Thousand and Twenty at Olympia, Washington.

By:

/s/
Jay Inslee, Governor

BY THE GOVERNOR:

/s/
Secretary of State