Hon. Richard A. Jones
Hon. J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| El PAPEL LLC, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>JAY R INSLEE, *et al.*,<br><br>　　　　　　　　　　Defendants. | No. 2:20-cv-01323-RAJ-JRC<br><br>DEFENDANT CITY OF SEATTLE'S OBJECTIONS TO REPORT AND RECOMMENDATION |

While hesitating to cast them as "objections," Defendant City of Seattle notes two opportunities in the Report and Recommendation, Dkt. # 63 ("Report"), to more accurately convey the three distinct City measures Plaintiffs challenge. *See* Dkt. # 27 at pp. 7–8 (explaining the three measures).[1]

First, the Report opens by casting all three City measures as part of one City moratorium:

> At issue in this lawsuit is the constitutionality of two residential eviction moratoria enacted in response to the novel coronavirus ("COVID-19") pandemic: Washington State Governor Jay Inslee's moratorium, which is in place for the duration of the COVID-19 health crisis, and the City of Seattle's moratorium. The City's moratorium includes a repayment plan for late rent and a post-COVID-19, six-month extension of the eviction moratorium.

---

[1] The City also agrees with and adopts the points raised in Defendant Gov. Jay Inslee's objections.

CITY'S OBJECTIONS TO REPORT AND RECOMMENDATION - 1
*El Papel LLC v. Inslee*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Dkt. # 63, p. 1. Although referring to the measures collectively as "the moratoria" would be reasonable, the Court should convey that not all are moratoria. A more accurate opening would read:

> At issue in this lawsuit is the constitutionality of four measures enacted in response to the novel coronavirus ("COVID-19") pandemic: Washington State Governor Jay Inslee's residential eviction moratorium; the City of Seattle's residential eviction moratorium; the City's additional six-month eviction defense; and the City's rent repayment plan requirement. The Court uses "moratoria" to refer to these measures collectively unless the context suggests otherwise.

Second, because the City's six-month defense is distinct from its moratorium, the Court would err by stating: "The second key protection is a six-month extension of the eviction moratorium." Dkt. # 63 at p. 6. That could be stated more accurately as: "The second key protection is a defense to eviction extending for six months after the termination of the eviction moratorium." *Accord* Dkt. # 63, p. 21 (correctly referring to "the six-month defense").

Respectfully submitted December 16, 2020.

PETER S. HOLMES
Seattle City Attorney

By:   /s/ Jeffrey S. Weber, WSBA #24496
      /s/ Roger D. Wynne, WSBA #23399
      /s/ Erica R. Franklin, WSBA #43477
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
jeff.weber@seattle.gov
roger.wynne@seattle.gov
erica.franklin@seattle.gov
Assistant City Attorneys for Defendants City of Seattle and Jenny A. Durkan, in her official capacity as the Mayor of the City of Seattle

CITY'S OBJECTIONS TO REPORT AND RECOMMENDATION - 2
*El Papel LLC v. Inslee*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200