HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EL PAPEL LLC, *et al.*,

        Plaintiffs,

    v.

JAY INSLEE, *et al.*,

        Defendants.

Case No. 2:20-cv-01323-RAJ-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This matter comes before the Court on the objections to the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge. Dkt. ## 65, 69-70.  Having carefully reviewed the Report and Recommendation, Dkt. # 63, the objections and responses to that, and the remaining record, the Court **ADOPTS** the Report and Recommendation and **DENIES** Plaintiffs' Motion for Preliminary Injunction.  Dkt. # 16.

## II.  DISCUSSION

The underlying facts of this matter have been amply addressed in the Report and Recommendation ("Report"), and the Court need not repeat them here.

A district court must "make a de novo determination of those portions of the report

ORDER – 1

to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.  After the Report and Recommendation was issued, all parties objected.  Dkt. ## 65, 69-70.  The Court reviews each objection in turn.

### A. Defendants' Objections

#### i. City Defendants

Defendants City of Seattle and Jenny A. Durkan object to the Report.  They ask the Court to correct two imprecise characterizations.  Dkt. # 65.  The Court will indeed take this opportunity to clarify.

First, the Report opens by casting the City's eviction measures as one moratorium. Dkt. # 63 at 1.  Really, however, there are three measures, not all of which are moratoria: the City of Seattle's residential eviction moratorium; the City's additional six-month eviction defense; and the City's rent repayment plan requirement.  Dkt. # 27 at 7-8.  This distinction does not affect the substance of the Report.  Yet the Court will clarify here that the Report's reference to "moratoria" refers to these three measures collectively, unless the context suggests otherwise.

Second, the Report elsewhere refers to the City's six-month eviction defense as a "moratorium."  Dkt. # 63 at 6 ("The second key protection is a six-month extension of the eviction moratorium.").  Other times, however, the Report correctly refers to it as a "six-month defense." *Id.* at 21.  Again, this does not affect the substance of the Report, but the Court will clarify that the six-month defense is not, strictly speaking, a moratorium.

#### ii. Defendant Governor Jay Inslee

Defendant Inslee similarly asks the Court to correct an inaccuracy.  The Report states that Washington State Governor Jay Inslee's moratorium" is in place "for the duration of the COVID-19 health crisis."  Dkt. # 63 at 1.  But at the time the Report was issued the moratorium was in fact set to expire on December 31, 2020.  Dkt. # 52-1 at 5. Since then, the moratorium was recently extended and now expires on March 31, 2021.

ORDER – 2

1 Dkt. # 74-1 at 5.  The Court provides this clarification accordingly.

2 　　　　The Court need not address Defendant Inslee's other objections.  Dkt. # 70.  He
3 makes those objections to preserve arguments, which the Court duly notes.  But the
4 objections do not affect the Report's recommended disposition.

5 　　　　**B.　　Plaintiffs' Objections**

6 　　　　Plaintiffs El Papel, LLC, Berman 2, LLC, and Karvell Li also object to the Report.
7 Dkt. # 69.  Their objections are global, contesting nearly every one of the Report's
8 conclusions.  Because the Court finds that nearly all objections are merely a rehash of
9 arguments already raised and decided upon by the Magistrate Judge, the Court will not
10 address each objection here.  *See Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1206 (D.
11 Mont. 2009), *aff'd*, 383 F. App'x 667 (9th Cir. 2010).

12 　　　　That said, the Court notes that Plaintiffs would like to introduce new evidence that
13 was not before the Magistrate Judge when he issued the Report.  Dkt. # 69 at 4.
14 Specifically, Plaintiffs would like to update the Court on the status of Plaintiff El Papel,
15 LLC ("El Papel") and its holdover tenants.  *Id.*  They would also like to introduce a new
16 declaration from an employee of Plaintiffs' counsel, a member of their "Strategic
17 Research Team."  *Id.* at 7; Dkt. # 66.  Plaintiffs offer the declaration to undermine the
18 Report's conclusion that the City reasonably found most evicted tenants become
19 homeless.  Dkt. # 63 at 21.

20 　　　　When evidence is presented for the first time in a party's objection to a magistrate
21 judge's recommendation, the Court need not consider it.  *United States v. Howell*, 231
22 F.3d 615, 621-23 (9th Cir. 2000).  What evidence the Court receives is in its discretion.
23 *Id.*  The Court uses its discretion and will not consider Plaintiffs' new declaration.  Dkt.
24 # 66.  The Court agrees with Defendant Inslee: "Plaintiffs do not say why they waited
25 until now to submit this rebuttal evidence—prepared by their own counsel's employee—
26 rather than with their initial Motion, Reply, or separate response to the amici briefs."
27 Dkt. # 73 at 5.  The issue of whether the eviction measures are reasonable and appropriate

28 ORDER – 3

has been front and center from the start.  Plaintiffs offer no reason why this information is only being shared now.  Thus, the Court ignores it.

That said, the Court will use its discretion to consider Plaintiffs' new evidence concerning El Papel and its holdover tenants.  The new evidence, it appears, was not available until recently.

According to Plaintiffs, El Papel would like to take the rental property in question off the market.  Dkt. # 69 at 4.  Once its tenants vacate the premises, El Papel would like to repair the property and then allow its governors, Mark Travers and Michele Ruess, to occupy the property.  Dkt. # 67.  El Papel has also provided some evidence suggesting that an unauthorized occupant may have also resided at the rental property.  Dkt. # 68.

This evidence, Plaintiffs say, makes injunctive relief appropriate for Plaintiffs' takings claim.  Dkt. # 69 at 9-10.  According to them, "just compensation" is inappropriate because it is difficult to calculate what the "squatter" owes and because the eviction measures interfere with El Papel's right to repossess and reoccupy the property.  Dkt. # 69 at 9-10.

But these issues are no more.  Defendant Inslee's new evidence reveals that the holdover tenants have vacated the property.  Dkt. # 75 ¶ 12; Dkt. # 76 ¶ 11.  This leaves El Papel free to rent the property, or permit the governors to occupy it, as it wishes.  And it appears that the "squatter" was a houseguest who was herself evicted and who stayed at the rental property intermittently.  Dkt. # 75 ¶ 10; Dkt. # 76 ¶ 9.  The last time the guest stayed at the property was in early- or mid-December.  Dkt. # 75 ¶ 10; Dkt. # 76 ¶ 9.  At this juncture, the Court need not hold that all of El Papel's claims are now moot and that it should be dismissed from the case accordingly.  Dkt. # 73 at 5.  It is enough to say here that, to the extent Plaintiffs' objections rely on this new evidence, the objections are moot.

### III.  CONCLUSION

For the reasons stated above, the Court finds and **ORDERS**:

ORDER – 4

(1) Subject to the clarifications in Section II.A above, the Court **ADOPTS** the Report and Recommendation (# 63);

(2) Plaintiff's Motion for Preliminary Injunction (Dkt. # 16) is **DENIED**.

(3) All claims against Defendant Inslee are dismissed.

(4) The Clerk is directed to send copies of this Order to the parties and to Magistrate Judge Creatura.

DATED this 8th day of January, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5