Hon. Richard A. Jones
Hon. J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| El PAPEL LLC, *et al.*, | ) | No. 2:20-cv-01323-RAJ-JRC |
| | ) | |
| Plaintiffs, | ) | DEFENDANT CITY OF SEATTLE'S |
| | ) | RESPONSE TO PLAINTIFFS' |
| vs. | ) | SUPPLEMENTAL BRIEF RE *CEDAR* |
| | ) | *POINT NURSERY* |
| JENNY A. DURKAN, *et al.*, | ) | |
| | ) | NOTED ON MOTION CALENDAR: |
| Defendants. | ) | Monday, August 16, 2021 |

CONTENTS

I. Introduction ...................................................................................................................... 1

II. Authority .......................................................................................................................... 1

    A. *Yee* controls Plaintiffs' "physical invasion" takings claim. ............................................ 1

    B. *Cedar Point* is distinguishable and leaves *Yee* intact. ..................................................... 3

III. Conclusion ....................................................................................................................... 5

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - i
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I.     INTRODUCTION

In response to this Court's Order for Supplemental Briefing (Dkt. # 127), much of Plaintiffs' supplemental brief (Dkt. # 130) addresses the implications of Governor Inslee's Proclamation 21-09 for Plaintiffs' claims. Defendants City of Seattle and Jenny A. Durkan (collectively, "City") defer to Defendant Robert Ferguson to address that issue on behalf of the State.

The City responds only to Plaintiffs' claims regarding the import of *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), for Plaintiffs' "physical invasion" takings claim. *See* Dkt. # 130 at pp. 9–13. *Yee v. City of Escondido*, 503 U.S. 519 (1992), controls and disposes of that claim. *Yee* held that, where a landlord invites a tenant onto their property, a law regulating the terms under which that tenant may remain effects no "physical invasion" taking. *Cedar Point* is distinguishable because it dealt with a law that forced a property owner to allow others onto their property in the first instance. *Cedar Point* cited *Yee* favorably and recognized, consistent with *Yee*, that a limitation on how a business treats those already invited onto their property is beyond the reach of the "physical invasion" takings test.

## II.     AUTHORITY

### A.     *Yee* controls Plaintiffs' "physical invasion" takings claim.

Courts reject claims that regulating the landlord-tenant relationship amounts to a "physical invasion" taking: "This Court has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails." *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 440 (1982). *Accord Yee*, 503 U.S. at 528–29; *FCC v. Florida Power Corp.*, 480 U.S. 245, 252 (1987); *MHC Fin. Ltd. P'ship v. City of San*

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 1
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*Rafael*, 714 F.3d 1118, 1126–27 (9th Cir. 2013). This is especially true of a claimed per se taking from a regulation allegedly denying a landlord the discretion to evict individuals who pay on terms the landlord disfavors. *Loretto*—the font of the "physical invasion" test—predicted it would have no dire consequence for tenant-protection laws. *Loretto*, 458 U.S. at 440.

*Yee* proved *Loretto* correct. *Yee* rejected a "physical invasion" claim from mobile home park landlords who challenged a law limiting their ability to evict tenants who did not pay the higher rents landlords demanded. *Yee*, 503 U.S. at 526–27. *Yee* upheld the law because, although a landowner may exclude all tenants by ceasing to be a landlord,[1] a landlord has no right to eject a tenant who remains under government-imposed terms the landlord disfavors:

> Put bluntly, no government has required any physical invasion of petitioners' property. Petitioners' tenants were invited by petitioners, not forced upon them by the government. While the "right to exclude" is doubtless, as petitioners assert, "one of the most essential sticks in the bundle of rights that are commonly characterized as property," we do not find that right to have been taken . . . .
>
> . . .
>
> Because they voluntarily open their property to occupation by others, petitioners cannot assert a *per se* right to compensation based on their inability to exclude particular individuals.

*Id.* at 528, 531 (citations omitted).

*Yee* controls Plaintiffs' "physical invasion" takings claim. Like the *Yee* landlords, Plaintiffs do not allege that the Ordinances forced them into the landlord business. Having voluntarily invited tenants onto their properties, Plaintiffs can claim no physical invasion when the government adjusts the terms under which tenants may remain. And like the *Yee* landlords, who claimed a right to evict tenants who used a law to refuse to pay higher rent, Plaintiffs assert

---

[1] A different rule might govern a law compelling a landlord to "refrain in perpetuity from terminating a tenancy." *Yee* 503 U.S. at 528. Such a rule would not apply to the City's temporary measures.

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 2
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

a right to evict tenants who use a law to pay later or under a repayment plan. Because that demand finds no purchase in "physical invasion" takings law, Plaintiffs' takings claim fails.

**B.    *Cedar Point* is distinguishable and leaves *Yee* intact.**

Because *Yee* is premised on a landlord having already invited tenants onto the property, Plaintiffs cannot benefit from decisions addressing government-imposed, physical easements forcing a landowner to suffer an invasion in the first instance. *See, e.g.*, *Knick v. Township of Scott*, 139 S. Ct. 2162, 2168 (2019) (public access to cemeteries); *Loretto*, 458 U.S. at 423–24 (television cable conduit easement); *Kaiser Aetna v. United States*, 444 U.S. 164, 165–66 (1979) (public navigation easement); *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 828 (1987) (beachfront public access easement).

The same is true of *Cedar Point*, which addressed a law forcing certain landowners (agricultural employers) to suffer an intermittent "invasion" by people they never invited onto their land (union organizers). *Cedar Point*, 141 S. Ct. at 2069. The only new issue in *Cedar Point* was whether the law created any less of a physical easement for per se "physical invasion" takings purposes when the right to invade did not span every hour of every day of the year. *Id.* at 2074. *Cedar Point* ruled that an intermittent physical easement effects a per se taking. *Id.* at 2074–76.[2]

*Cedar Point* leaves *Yee* untouched. *Cedar Point* did not overrule *Yee*; it cited *Yee* favorably for general takings principles. *Id.* at 2072. And responding to a concern raised in

---

[2] Plaintiffs assert that this holding is "contrary to the City and State's consistent position that their eviction bans are only temporary in nature." Dkt. # 130 at p. 10. That assertion rests on a faulty premise because, even before *Cedar Point*, the City explained that it "takes no issue with the proposition that a 'physical invasion' taking can result from the government allowing a third party to invade even a minor portion of private property, even if only temporarily." Dkt. # 120 at p. 17 (City's Reply re Cross-Mots. for Sum Jud.). The City's point then, as now, is that under *Yee* no City measure causes an invasion, temporary or permanent. *Id.*

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 3
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

dissent, the *Cedar Point* majority distinguished laws that regulate how landowners must treat those they have already invited onto their land: "Limitations on how a business generally open to the public may treat individuals on the premises are readily distinguishable from regulations granting a right to invade property closed to the public." *Id*. at 2077. As *Yee* instructs, the same principle applies to rental property: limitations on how a landlord must treat a tenant on the premises differ from regulations—like the one in *Cedar Point*—granting a right to invade property otherwise closed to the public.

Following that logic, the only federal court to consider *Cedar Point* when raised against a pandemic-related eviction limitation found that *Yee* controls: "Unlike an invasion of property by an uninvited guest, the landlords here have solicited tenants to rent their properties, and the Ordinance simply regulates landlords' relationship with tenants." *Southern Cal. Rental Housing Ass'n v. County of San Diego Bd. of Supervisors*, No. 3:21cv912-L-DEB, 2021 WL 3171919 at *8 (S.D. Cal. July 26, 2021) (citing *Yee*, 503 U.S. at 531). *Cedar Point*, the court ruled, was irrelevant: "*Cedar Point* is distinguishable from the facts before this Court. Unlike the landowners in *Cedar Point* who were forced to allow unionizing activity on their property for a specified amount of time, the landowners here invited the renters to inhabit their rental units, make them their homes, and abide by the rental agreements. No 'physical invasion' has occurred here." *Id*.

Plaintiffs overlook that distinction. Instead, they cast three other points the majority made in response to the dissent as the sole "exceptions" to the "physical invasion" takings rule, and then declare victory because the City invokes none of them. Dkt. # 130 at pp. 10–13 (citing *Cedar Point*, 141 S. Ct. at 2078–79 (distinguishing "physical invasion" takings from trespass, longstanding background restrictions on property rights, and access rights ceded as a condition of

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 4
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

receiving benefits)). Those are not exceptions to a rule, let alone the only exceptions; they are examples of laws that lie beyond the limited reach of the "physical invasion" takings test. Plaintiffs overlook the example key to this case: "Limitations on how a business generally open to the public may treat individuals on the premises . . . ." *Cedar Point*, 141 S. Ct. at 2077. That example embraces *Yee*'s holding: where a landlord invites a tenant onto their property, a law regulating the terms under which that tenant may remain effects no "physical invasion" taking.

Before the Supreme Court issued *Cedar Point*, at least four other federal courts recently followed *Yee* to reject "physical invasion" takings claims against a variety of pandemic-related, rent-delaying tenant protections. *E.g, Heights Apts., LLC v. Walz*, 510 F. Supp. 3d 789, 812 (D. Minn. 2020), *appeal docketed*, No. 21-1278 (8th Cir. Feb. 5, 2021); *Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 387–88 (D. Mass. 2020); *Auracle Homes, LLC v. Lamont*, 478 F. Supp. 3d. 199, 220–21 (D. Conn. 2020); *Elmsford Apt. Associates, LLC v. Cuomo,* 469 F. Supp. 3d. 148, 162–64 (S.D.N.Y. 2020), *appeal dismissed sub nom. 36 Apt. Associates, LLC v. Cuomo*, 2021 WL 3009153 (2nd Cir. July 16, 2021) (summary order). Plaintiffs offer no counterexample. *Cedar Point* does not suggest one will emerge.

### III.   CONCLUSION

*Yee* controls and disposes of Plaintiffs' "physical invasion" takings claim because Plaintiffs invited tenants onto their property and the City's measures regulate the terms under which those tenants may remain. *Cedar Point*—which addressed a law that forced a property owner to allow others onto their property in the first instance—is distinguishable and left *Yee*

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 5
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

intact. Because Plaintiffs' "physical invasion" takings claim fails, the City respectfully asks this Court to grant judgment to the City on that claim.

Respectfully submitted August 16, 2021.

PETER S. HOLMES
Seattle City Attorney

By:    */s/ Jeffrey S. Weber*, WSBA #24496
        */s/ Roger D. Wynne*, WSBA #23399
        */s/ Derrick De Vera*, WSBA #49954
        */s/ Erica R. Franklin*, WSBA #43477
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
jeff.weber@seattle.gov
roger.wynne@seattle.gov
erica.franklin@seattle.gov
derrick.devera@seattle.gov
*Assistant City Attorneys for Defendants City of Seattle and Jenny A. Durkan, in her official capacity as the Mayor of the City of Seattle*

DEFENDANT CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE *CEDAR POINT NURSERY* - 6
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200