# Exhibit 1

```
                                                                      1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF WASHINGTON
 2
     ENRIQUE JEVONS, as managing     ) Case No. 1:20-cv-3182-SAB
 3   member of Jevons Properties,    )
     LLC, et al.,                    ) August 24, 2021
 4                                   )
                      Plaintiffs,    ) Video Conference
 5                                   )
     v.                              ) Motions for Summary
 6                                   ) Judgment Hearing
     JAY INSLEE, in his official     )
 7   capacity of the Governor of the )
     State of Washington, et al.,    ) Pages 1 to 31
 8                                   )
                      Defendants.    )
 9

10
                  BEFORE THE HONORABLE STANLEY A. BASTIAN
11                    UNITED STATES DISTRICT COURT JUDGE

12
                               APPEARANCES:
13
     For the Plaintiffs:            Richard M. Stephens
14                                  Stephens@sklegal.pro
                                    Stephens & Klinge LLP
15                                  601 108th Avenue NE
                                    Suite 1900
16                                  Bellevue, WA 98004
                                    425-453-6206
17
     For the Defendants:            Cristina Sepe
18                                  Cristina.sepe@atg.wa.gov
                                    Brian H. Rowe
19                                  Brian.rowe@atg.wa.gov
                                    Washington State Office of the
20                                  Attorney General
                                    800 Fifth Avenue
21                                  Suite 2000
                                    Seattle, WA 98504
22                                  206-342-6409

23

24

25

                    KIMBERLY J. ALLEN, RMR, CRR, RPR, CCR
                           OFFICIAL COURT REPORTER
```

2

```
1   Official Court Reporter:      Kimberly J. Allen, CCR #2758
                                  United States District Courthouse
2                                 P.O. Box 685
                                  Richland, Washington 99352
3                                 (509) 943-8175

4   Proceedings reported by mechanical stenography; transcript
    produced by computer-aided transcription.
5
```

# INDEX

**Proceedings:**                                                          **Page**

    Argument by Ms. Sepe                                          5
    Argument by Mr. Stephens                                     13
    Rebuttal Argument by Ms. Sepe                                21
    Rebuttal Argument by Mr. Stephens                            24
    Court's Ruling                                               26

## WITNESS INDEX

**Plaintiff Witness:**                                                    **Page**

  None

*****

**Defense Witnesses:**                                                    **Page**

  None

## EXHIBITS ADMITTED

**Plaintiff**
| **Number** | **Description** | **Page** |

    None

**Defense**
| **Number** | **Description** | **Page** |

    None

## GENERAL INDEX

                                                                 **Page**

Reporter's Certificate............................31

*Jevons, et al. Vs. Inslee, et al./1:20-cv-3182-SAB* 4
*Motions for Summary Judgment Hearing*

1   (August 24, 2021; 10:35 a.m.)
2           THE COURT:  Good morning, everyone.
3           Michelle, why don't you call the case.
4           THE COURTROOM DEPUTY:  Okay.  We have *Enrique Jevons,*
5   *et al. v. Jay Inslee, et al.*, Case No. 1:20-cv-3182-SAB.  Time
6   set for a motion hearing.  On behalf of plaintiffs we have
7   Richard Stephens, and then on behalf of defendants we have, by
8   video, Cristina Sepe, and then by telephone, Brian Rowe.  And
9   Cristina Sepe will be handling the argument.
10          Thank you.
11          THE COURT:  All right.  Well, good morning to counsel.
12  We're here for some cross-motions for summary judgment.  We do
13  have a court reporter listening and making a record, so as you
14  make your remarks, please make sure you speak up.  Sometimes one
15  of us will drop off the line.  That has happened on occasion;
16  not very often.  If it does, we will notice that, and we will
17  take steps and wait.  So don't panic if you drop off.
18          There are cross-motions for summary judgment, and so I
19  will give both sides 15 minutes to make their main presentation.
20  I'll give you both an opportunity to -- to respond for five
21  minutes.
22          I think it just seems to fit better to have the defense
23  begin, when there's motions for summary judgment to dismiss, so
24  unless you disagree, Ms. Sepe, I'll let you begin.
25          MS. SEPE:  Good morning, Your Honor, and may it please

KIMBERLY J. ALLEN, RMR, CRR, RPR, CCR
OFFICIAL COURT REPORTER

*Jevons, et al. Vs. Inslee, et al./1:20-cv-3182-SAB*  26
*Motions for Summary Judgment Hearing*
*Court's Ruling*

1  this case should, declare that the effect of the proclamations,
2  even in light of this new statute, still requires the payment of
3  compensation under the Takings Clause of the Fifth Amendment.
4     THE COURT: Let me correct myself. I said declaratory
5  judgments. I meant advisory judgments or advisory opinions. So
6  in case I misled you, I meant to say advisory, not declaratory.
7     MR. STEPHENS: That's all I have unless you have --
8     THE COURT: Oh, okay. Sorry. All right. Thank you.
9  Thank you, Counsel.
10     I'll consider the record closed, and let me make some
11  preliminary comments, and I will make a ruling.
12     This case is based on the fact that on February 29th of
13  the year 2020, Governor Jay Inslee declared a state of emergency
14  and -- based on the COVID-19 pandemic and began his
15  proclamations with Proclamation No. 20-05. He followed that up
16  soon thereafter with Proclamation 20-19 and several amendments
17  or extensions to that. This began in March of 2020 with an
18  order from the governor placing a temporary moratorium on
19  evictions. He did that for the reasons that are adequately
20  described in the record and will be mentioned in my written
21  opinion.
22     It's the Court's understanding that on June 30th, 2021,
23  the original eviction moratorium and the extensions expired, but
24  based on legislation, Governor Inslee then issued
25  Proclamation 21-09, which is what is referred to as the bridge

1  proclamation.  Evictions are still being prohibited unless
2  certain procedures are followed, and those procedures are stated
3  in the legislation that has been mentioned.  And just for the
4  record -- let me get the right number -- that is Senate
5  Bill 5160.
6       Those are the essential facts.  It's my understanding
7  that both parties agree that there are no material issues of
8  fact, and so a ruling on the legal issues is appropriate.
9       Let me make some general observations.
10      No. 1:  Our government can, should, and must protect the
11 public's health and safety during a global pandemic, such as we
12 have experienced with COVID-19 over the past 18 months.
13      No. 2:  Likewise, the people, all of us collectively,
14 can, should, and must protect ourselves but also each other
15 during this global pandemic.
16      No. 3:  The state proclamations at issue in this case
17 are part of the emergency efforts by Governor Jay Inslee, the
18 duly elected governor of the state of Washington, to exercise
19 his powers and responsibilities to protect the people from the
20 COVID-19 global pandemic and to protect the economy of the state
21 of Washington.
22      Finally, the issue, therefore, is whether these
23 proclamations are legal and constitutional.  The answer is yes.
24 Based on the factual record before the Court, which both parties
25 agree is not disputed, the Court makes the following

*Jevons, et al. Vs. Inslee, et al./1:20-cv-3182-SAB*
*Motions for Summary Judgment Hearing*
*Court's Ruling*

28

1  conclusions.  These will be fleshed out more in a written
2  opinion.
3           No. 1:  The Court has subject matter jurisdiction.
4           No. 2:  The Court -- the plaintiffs' claims are not moot
5  because of the bridge proclamation, but that's a very close
6  call.  But I will go on to the other substantive issues.
7           No. 3:  In terms of the Eleventh Amendment, Governor
8  Inslee is immune from suit by the Eleventh Amendment.  He's
9  always been immune from suit.  The Court is disappointed with
10 the plaintiffs for suing Governor Inslee and ignoring the
11 Eleventh Amendment and expecting the governor to waive the
12 Eleventh Amendment.  In the Court's opinion, that happens much
13 earlier.  It doesn't happen after a lawsuit is filed.
14          If a claim for sanctions is brought by the State, that
15 will have to be done at another time, but the Court will give
16 that serious consideration.
17          Attorney General Ferguson is not immune based on the
18 Eleventh Amendment, based on the case of *In re: Young,* the
19 Supreme Court case from 1908.
20          No. 4:  The parties agree that the -- this Court is not
21 the appropriate court in which to decide issues of state
22 constitutional law.
23          The Court is also disappointed in the plaintiff and
24 Mr. Stephens, the attorney for the plaintiffs, for bringing such
25 claims and wasting the State's time and the Court's time with

Case 2:20-cv-01323-RAJ-JRC   Document 140-1   Filed 09/03/21   Page 9 of 11

*Jevons, et al. Vs. Inslee, et al./1:20-cv-3182-SAB*
Motions for Summary Judgment Hearing
Court's Ruling

29

claims that he should know are not appropriately before the Court.

No. 5: Regarding the Fifth Amendment takings claim, this Court finds that the proclamations at issue do not violate the Fifth Amendment of the United States Constitution. This is not a per se taking case, as alleged by the plaintiff. The plaintiffs are not requesting damages. It is not appropriate for this Court to issue advisory rulings on Fifth Amendment taking claims.

The case of *Cedar Points* is not helpful to the factual situation of this case. This case does not involve the same facts as confronted by the Supreme Court in *Cedar Points*.

No. 6: The Contracts Clause of the United States Constitution was not violated. The proclamations were carefully tailored to the national emergency. The eviction moratoriums were an appropriate and reasonable method to advance a significant and legal purpose. That purpose is actually twofold. The purpose was to protect the health and welfare of the people of the state of Washington; an appropriate effort was made by Governor Inslee to do that. The second purpose was to reduce, but not necessarily eliminate, the economic hardship occasioned by the COVID-19 pandemic.

Finally, the substantive Due Process Clause of the Fourteenth Amendment was not violated. The proclamations involved are neither vague nor oppressive, and they are

*Jevons, et al. Vs. Inslee, et al./1:20-cv-3182-SAB*
*Motions for Summary Judgment Hearing*
*Court's Ruling*

30

1 rationally based on the facts presented.

2 　　　The plaintiffs' motion for summary judgment is denied.

3 The defendants' motion for summary judgment is granted.  The

4 Court will consider a motion for terms and sanctions, if the

5 State files such a motion.

6 　　　Are there any questions?  Ms. Sepe?

7 　　　MS. SEPE:  No questions, Your Honor.  Thank you.

8 　　　THE COURT:  Mr. Stephens?

9 　　　MR. STEPHENS:  No, Your Honor.

10 　　　THE COURT:  Thank you.  Court's in recess.

11 　　(Hearing concluded at 11:21 a.m.)

11:20:56 (line 5)
11:21:05 (line 10)

KIMBERLY J. ALLEN, RMR, CRR, RPR, CCR
OFFICIAL COURT REPORTER

31

1          C E R T I F I C A T E

2

3     I, KIMBERLY J. ALLEN, do hereby certify:

4          That I am an Official Court Reporter for the United
5 States District Court for the Eastern District of Washington in
6 Richland, Washington;

7          That the foregoing proceedings were taken on the date
8 and at the time and place as shown on the first page hereto; and

9          That the foregoing proceedings are a full, true and
10 accurate transcription of the requested proceedings, duly
11 transcribed by me or under my direction.

12         I do further certify that I am not a relative of,
13 employee of, or counsel for any of said parties, or otherwise
14 interested in the event of said proceedings.

15         DATED this 1st day of September, 2021.

19    _____

20    Kimberly J. Allen, CRR, RMR, RPR, CCR(WA)
      Washington CCR No. 2758
21    Official Court Reporter
      Richland, Washington