Hon. Richard A. Jones
Hon. J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| El PAPEL LLC, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JENNY A. DURKAN, *et al.*, <br><br> Defendants. | No. 2:20-cv-01323-RAJ-JRC <br><br> DEFENDANT CITY OF SEATTLE'S OBJECTIONS TO REPORT AND RECOMMENDATION |

While hesitating to cast them as "objections," Defendant City of Seattle notes three opportunities in the Report and Recommendation, Dkt. # 141 ("Report"), to more accurately convey the City measures Plaintiffs challenge.[1]

With respect to the repayment plan requirement, the Report refers (in one place) to late fees or interest on unpaid rent accrued during "or six months after" the civil emergency. Dkt. # 141, p. 27, line 9. The reference to "six months after" should say "one year after." *See* Dkt. # 17-12, p. 9. *Accord* Dkt. # 141, p. 9, line 4 (correctly referencing the one-year period).

With respect to the six-month defense, the Report indicates the defense allows eviction for "something other than financial hardship caused by COVID-19." Dkt. # 141, p. 30, line 9. The reference should simply be to "something other than financial hardship," because the six-

---

[1] The City also agrees with and adopts the second objection raised in Defendant Robert W. Ferguson's objections. Dkt. # 144, p. 2, lines 5-10.

---

DEFENDANT CITY OF SEATTLE'S OBJECTIONS TO REPORT AND
RECOMMENDATION - 1
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

month defense does not require that the financial hardship be caused by COVID-19.  *See* Dkt. # 17-11, p. 20.  *Accord* Dkt. # 141, p. 8, lines 19-20 (correctly stating that "[a] tenant may invoke the six month defense only by self-certifying financial hardship preventing payment of rent").

Finally, the Report states: "Here, the Court assumes that the State's restriction substantially impaired the contractual relationship." Dkt. # 141, p. 14, lines 6-7.  The Report then states in footnote 10: "Therefore, the Court does not address the parties' arguments regarding whether the *leases* are a substantial impairment to contracts. *E.g.*, Dkt. 93, at 13–18." Dkt. # 141, p. 14, n.10 (emphasis added).  The City believes the Report meant to say "eviction restrictions" rather than "leases" there. *See id*., p. 2, n.1 ("the Court will collectively refer to all measures as 'eviction restrictions'").  That belief is buttressed by the fact that footnote 10 of the Report cites the passage from Plaintiffs' brief containing Plaintiffs' arguments for why all the measures (one State and three City) substantially impair contracts.

Respectfully submitted September 28, 2021.

PETER S. HOLMES
Seattle City Attorney

By:  */s/ Jeffrey S. Weber*, WSBA #24496
     */s/ Roger D. Wynne*, WSBA #23399
     */s/ Derrick De Vera*, WSBA #49954
     */s/ Erica R. Franklin*, WSBA #43477
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
jeff.weber@seattle.gov
roger.wynne@seattle.gov
erica.franklin@seattle.gov
derrick.devera@seattle.gov
*Assistant City Attorneys for Defendants City of Seattle and Jenny A. Durkan, in her official capacity as the Mayor of the City of Seattle*

DEFENDANT CITY OF SEATTLE'S OBJECTIONS TO REPORT AND RECOMMENDATION - 2
*El Papel LLC v. Durkan*, No. 2:20-cv-01323-RAJ-JRC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200