Hon. Richard A. Jones
Hon. J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| EL PAPEL LLC, *et al.*, | ) | No. 2:20-cv-01323-RAJ-JRC |
| Plaintiffs, | ) ) ) | DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION (DKT. # 141) |
| vs. | ) | |
| BRUCE HARRELL, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| | ) | **NOTE ON MOTION CALENDAR:** **APRIL 1, 2022** |

## I. INTRODUCTION AND RELIEF REQUESTED

On September 15, 2021, the Magistrate Judge recommended that the Court grant the City's motion for summary judgment and dismiss on the merits Plaintiffs' challenges to three City measures adopted in response to the COVID-19 pandemic. Since then, circumstances have changed: one of the three challenged measures, the City's eviction moratorium, terminated on February 28, 2022. Because this termination renders moot Plaintiffs' requests for injunctive and declaratory relief as to the moratorium, the City respectfully asks the Court to modify the Magistrate Judge's Report and Recommendation (Dkt. # 141) and dismiss those requests as moot. The City offers this motion to supplement its cross-motion for summary judgment (Dkt. # 103) and continues to ask the Court

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 1
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

to adopt the Magistrate Judge's recommendation and dismiss on the merits the balance of Plaintiffs' case against the City.

## II. STATEMENT OF FACTS

The City's cross-motion for summary judgment provides a fuller factual context for the challenged City enactments. *See* City's Opening/Response Brief on Cross-Motions for Summary Judgment, Dkt. # 103, pp. 4–10. In response to the COVID-19 pandemic, the City enacted a moratorium on residential evictions. *Id.*, p. 7. The City also created a defense to evictions within six months after the termination of the eviction moratorium, where the eviction is based on nonpayment of rent and the tenant declares they suffered a financial hardship and cannot pay rent (the "six-month defense"). *Id.*, p. 8. Finally, the City adopted a repayment plan requirement allowing a tenant who fails to pay rent when due during or within six months after the civil emergency to pay overdue rent in installments. *Id.*

Plaintiffs challenged these enactments, raising Contract Clause and takings claims and seeking an injunction, declaratory relief, and nominal damages. *See* Complaint for Declaratory and Injunction Relief, Dkt. # 1. The City extended the eviction moratorium several times during the pendency of this action. *See, e.g.*, Dkt. #s 72-1, 100-8, 124, 142, and 156.

On September 15, 2021, the Magistrate Judge recommended that the Court grant the City's motion for summary judgment and dismiss Plaintiffs' challenges to the City's enactments on the merits. *See* Report and Recommendation ("R&R"), Dkt. # 141, p. 30. At that time, the City's eviction moratorium was set to expire on September 30, 2021. *Id.,* p. 24. The City subsequently extended the moratorium through February 28, 2022, at which point the moratorium terminated. *See* City of Seattle's Notice of Supplemental Authority Re Termination of City Moratorium, March 1, 2022, Dkt. # 161.

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 2
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## III.   AUTHORITY

The Magistrate Judge recommended that all of Plaintiffs' claims against the City be dismissed on the merits in response to the City's motion for summary judgment. R&R, Dkt. # 141, p. 30. The City agrees with the Magistrate Judge's recommended resolution of the merits and continues to agree with the Magistrate Judge's recommendation with respect to Plaintiffs' challenges to the City's six-month defense and repayment plan requirement.

But with respect to Plaintiffs' challenge to the City's eviction moratorium, only Plaintiffs' request for nominal damages properly remains before the Court (and should be dismissed on the merits consistent with the Magistrate Judge's recommendation). Because the City's eviction moratorium terminated on February 28, 2022, Plaintiffs' requests for injunctive and declaratory relief as to the moratorium are moot and must be dismissed on that basis. If the Court disagrees that Plaintiffs' requests for injunctive and declaratory relief as to the moratorium are moot, the Court should nonetheless follow the Magistrate Judge's recommendation and dismiss those requests on the merits.

**A.   The expiration of the moratorium renders moot Plaintiffs' requests for prospective relief, unless Plaintiffs can show a reasonable expectation that the City will reenact the moratorium.**

A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A case that becomes moot at any point during the proceedings is no longer a "case" or "controversy" for purposes of Article III and is outside the jurisdiction of the federal courts. *U.S. v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018).

In determining whether a case is moot, courts treat the voluntary cessation of challenged conduct by the government with more solicitude than similar actions by private parties. *Board of*

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 3
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019). A court presumes that the repeal, amendment, or expiration of legislation will render a challenge moot, unless there is a reasonable expectation that the body will reenact the challenged provision or one similar to it. *Id.*, 941 F.3d at 1199. Such an expectation must be founded in the record, rather than on speculation alone. *Id.*

The principle that expiration of an enactment generally renders a challenge moot also applies in the context of executive orders. *Trump v. Hawaii*, 138 S. Ct. 377 (2017). *See, e.g., Cummings v. DeSantis*, ___ F. Supp. 3d ___, 2020 WL 4815816 at *2–3 (M.D. Fla. Aug. 19, 2020) (termination of COVID-related business closure orders rendered a request for declaratory judgment as to those orders moot where the plaintiff failed to show a reasonable expectation that the restrictions would recur).

**B.    Plaintiffs can demonstrate no reasonable expectation that the City will reenact the eviction moratorium.**

Plaintiffs cannot meet their burden of demonstrating a reasonable expectation that the City will reenact the eviction moratorium. In King County, 87.8% of residents ages 12 and older (and 84.6% of residents ages 5 and older) have now completed their COVID-19 vaccine series. *See* Public Heath – Seattle and King County, Summary of COVID-19 vaccination among King County residents (available at https://kingcounty.gov/depts/health/covid-19/data/vaccination.aspx, last visited March 8, 2022). Public health conditions have improved dramatically since the Omicron-driven peak of COVID-19 cases in early 2022. New COVID-19 cases and hospitalizations in King County have decreased precipitously since then. *See* Public Health – Seattle and King County, COVID-19 summary dashboard (available at https://kingcounty.gov/depts/health/covid-19/data/summary-dashboard.aspx, last visited March 8, 2022).

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 4
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

The widespread relaxation of COVID-related restrictions by many levels of government confirms that the public health necessity for the moratorium has passed. Effective March 1, 2022, King County ended its order requiring proof of COVID-19 vaccination or a negative test for entry into restaurants and bars, indoor recreational events and establishments, or outdoor events. *See* Public Health – Seattle and King County, Public Health Insider (available at https://publichealthinsider.com/2022/02/16/vaccination-verification-policy-to-end-as-of-march-1/, last visited March 8, 2022). Both the State of Washington and King County are ending their indoor mask mandates on March 11, 2022. *See* Public Health – Seattle and King County, Public Health Insider (available at https://publichealthinsider.com/2022/02/28/king-countys-local-indoor-mask-mandate-to-end-after-march-11/, last visited March 8, 2022).

Given these trends, COVID-19 conditions are fundamentally different than when the City instituted the eviction moratorium (when no vaccine was available) or cases peaked in early 2022. *See, e.g., Dixon Ventures, Inc. v. Dept. of Health and Human Services*, ___ F. Supp. 3d ___, 2022 WL 179012 at *2 (E.D. Ark. January 19, 2022) (dismissing a challenge to a vacated CDC moratorium as moot where current COVID-19 conditions—particularly the availability of vaccines and testing—negated a reasonable expectation that a new moratorium would be enacted). Although the ultimate course of the pandemic cannot be known and government officials must remain attentive to new public health threats, an expectation at this point in time that the City would reinstate the moratorium would rest solely on speculation.

Besides, the City's eviction moratorium is not the City's only tool for addressing the impacts of the pandemic. The six-month defense, which commenced upon termination of the moratorium, and the repayment plan requirement mitigate the pandemic's longer-lasting housing and economic impacts. The City's multi-tiered approach reflects a deliberate choice to transition

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 5
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

from the moratorium to less expansive measures. Because there is no longer a moratorium for the Court to issue a declaratory judgment against or enjoin, and Plaintiffs can demonstrate no reasonable expectation that the City will reenact the moratorium, Plaintiffs' requests for prospective relief against the City's moratorium are moot.

## IV.     CONCLUSION

The City respectfully requests that the Court modify the Magistrate Judge's Report and Recommendation and dismiss as moot Plaintiffs' requests for injunctive and declaratory relief against the City's eviction moratorium, while otherwise adopting the Magistrate Judge's recommendation and dismissing on the merits the balance of Plaintiffs' case against the City.

Respectfully submitted March 9, 2022.

ANN DAVISON
Seattle City Attorney

By:     */s/ Jeffrey S. Weber*, WSBA #24496
         */s/ Roger D. Wynne*, WSBA #23399
         */s/ Erica R. Franklin*, WSBA #43477
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
jeff.weber@seattle.gov
roger.wynne@seattle.gov
erica.franklin@seattle.gov
*Assistant City Attorneys for Defendants City of Seattle and Bruce Harrell, in his official capacity as the Mayor of the City of Seattle*

DEFENDANT CITY OF SEATTLE'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT RE MOOTNESS AND MOTION TO MODIFY REPORT AND RECOMMENDATION - 6
*El Papel LLC v. Harrell*, No. 2:20-cv-01323-RAJ-JRC

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200